UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 06-302 (RCL) |
| : | |
| KIMBERLY FORD, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following Memorandum in Aid of Sentencing in the above-captioned case. For the reasons set forth herein, the government respectfully requests that the Court impose a sentence in accordance with the voluntary U.S. Sentencing Guidelines and with the plea agreement in this case.

I.     BACKGROUND

On October 20, 2006, Defendant Ford pleaded guilty, pre-Indictment, to a one-count Information charging her Interstate Transportation of Stolen or Fraudulently Obtained Property, in violation of 18 U.S.C. § 2314. During her plea colloquy, Ms. Ford admitted that from 2002 through 2005, while she was employed by Alfano-Leonardo Communications, LCC, she embezzled $59,899.72 from her employer in the form of stolen checks and unauthorized credit card charges.

From September 2001 through March 2005, Defendant Ford was employed as an office coordinator for Alfano-Leonardo Communications, LLC, a District of Columbia- based political communications firm. As a result of her employment with Alfano-Leonardo Communications, she had access to the company's credit cards, checks, and check ledgers.

Alfano-Leonardo Communications maintained a bank account at CitiBank in Washington, D.C. Only the principals of Alfano-Leonardo Communications had signature authority over the accounts. In addition, Alfano-Leonardo Communications maintained credit card accounts with American Express and MBNA. Defendant Ford was not authorized to use these credit cards without the consent of the principals of Alfano-Leonardo Communications.

From October 2003, continuing through March 2005, Defendant Ford devised a scheme through which she stole funds from an Alfano-Leonardo Communications bank account at Citibank. During this period, without authorization Defendant Ford issued approximately $43,027.15 in checks from these accounts made payable to herself.

In order to conceal her activities, Defendant Ford falsely indicated on the company's check ledger that the checks were made payable to certain vendors. In addition, from June 2002, continuing through November 2004, Defendant Ford stole funds from Alfano-Leonardo Communications by fraudulently using the company's credit card accounts with American Express and MBNA to pay her personal expenses. During this period, Defendant Ford used the Alfano-Leonardo Communications credit cards to pay personal expenses in the amount of approximately $17,277.02.

The checks that were written on the Citibank account were transported in interstate commerce from the District of Columbia to the State of Ohio where they were cleared and processed.

## II. SENTENCING CALCULATION

### A     Statutory Maximum

Defendant pled guilty to one count of Interstate Transportation of Stolen or Fraudulently

Obtained Property, in violation of Title 18, United States Code, Section 2314. The maximum sentence for this offense is 10 years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a 3-year term of supervised release.

B.   Sentencing Guideline Calculation

Both parties agreed to the Guidelines calculations utilized in the Presentence Report ("PSR"), which correctly calculates defendant's adjusted total offense level at 10. See PSR ¶ 3. This calculation includes the base offense level of 6 (§ 2B1.1(a)(2)) and a 6-level increase for a loss exceeding $30,000.00 (§ 2B1.1(b)(1)(D)). Pursuant to the plea agreement, the government agreed not to oppose a 2-level reduction for acceptance of responsibility (§ 3E1.1) which yields an adjusted offense level of 10. The PSR also correctly lists defendant's criminal history as Category I. See PSR ¶ 25. Therefore, the guideline range for defendant is correctly calculated in the PSR as 6-12 months. See PSR ¶ 65.

C.   Restitution

The plea agreement provides that defendant will pay full restitution to Alfano Leonardo Communications, LLC, in the amount of $59,899.72.

D.   Prior Criminal History

Defendant has no criminal history. See PSR ¶ 25.

**III.    CONCLUSION**

      Defendant is facing 6 to 12 months under the advisory Federal Sentencing Guidelines. The government respectfully requests that the Court sentence defendant in accordance with the plea agreement and the Sentencing Guidelines.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____/s/_____
SHERRI L. SCHORNSTEIN
Assistant United States Attorney
Fraud & Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6956

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Government's Memorandum in Aid of Sentencing, was served on counsel for Defendant, Rita Bosworth, Office of the Federal Public Defender, 625 Indiana Ave., N.W., Washington, D.C. 20004, this \_\_\_\_\_, day of January 2007, via Inter-Office delivery.

_____/s/_____
SHERRI L. SCHORNSTEIN
Assistant U.S. Attorney