IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| ) | Cr. No. 06-302 (RCL) | |
| v. ) | | |
| ) | | |
| KIMBERLY FORD ) | | |
| ) | | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant, Kimberly Ford, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Ms. Ford respectfully asks the Court to sentence her to probation, with a condition requiring six months of home detention.

**BACKGROUND**

On October 6, 2006, the government filed a one-count Information against Ms. Ford, charging her with Interstate Transportation of Stolen Property, in violation of 18 U.S.C. § 2314. On October 20, 2006, Ms. Ford pled guilty to the Information in accordance with a written plea agreement. Ms. Ford is scheduled to be sentenced before this Court on January 19, 2007, at 11:00 a.m.

**DISCUSSION**

**I.    THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when

1

sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 543 U.S. 220, 264 (2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

## II.  UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MS. FORD SHOULD RECEIVE A SENTENCE OF PROBATION

### A.  **Statutory Provisions**

Pursuant to the applicable statute, the maximum term of imprisonment for the offense at issue is 10 years.

### B.  **Advisory Sentencing Guidelines**

*(I).  Applicable Guideline Range*

The Probation Office, consulting the 2006 edition of the Guidelines Manual, has concluded that the total offense level in this case is 10 and that Ms. Ford's criminal history category is I, resulting in an advisory Guideline range of 6-12 months. This advisory sentence falls in Zone B of the advisory Guidelines, which means that Ms. Ford is eligible for a sentence other than incarceration.

### C.  **Section 3553 Factors**

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should

consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

While Ms. Ford in no way wishes to diminish the seriousness of the offense, she notes that it is neither a crime of violence nor a controlled substance offense. She submits that the nature of this offense does not warrant a sentence of incarceration, for the Federal Sentencing Scheme indicates that in sentencing, Courts should consider as a governing rationale "the general appropriateness of imposing a sentence <u>other than</u> imprisonment in cases in which the defendant has not been convicted of a crime of violence or otherwise serious offense." Comment Note to 18 U.S.C. § 3551 (reciting legislative history of federal sentencing scheme). Ms. Ford also notes that this is her first offense.

*II. Characteristics of the Defendant*

Ms. Ford is a 26-year old single mother of five. She had her first child, Camrin, when she

was 19 years old. She had her second child, Alexis, when she was 20. Ms. Ford was extremely young at the time Camrin and Alexis were born, and though she maintains a civil relationship with both the fathers, she did not marry either one. She does receive a combined $500 of child support from them per month. In 2001, Ms. Ford married Reginald Carter, who would become the father of her next two children, Emmanuel and Nicholas. Emmanuel was born when she was 21, she had Nicholas when she was 23. Unfortunately, Mr. Carter physically abused Ms. Ford, and they divorced in 2005. She does not receive any child support from him, though her children do get social security income from him in the amount of $166 per month. Ms. Ford's fifth child, Samantha, is less than 1 year old. Ms. Ford receives no child support from Samantha's father, nor does she maintain contact with him.

    As is evident, Ms. Ford has a lot on her hands. Because of her lack of finances, she and her children live with her parents. Four of her children share one room, the baby sleeps in a play pen, and Ms. Ford sleeps on a couch. Though she is a full-time mother during the day with three non-school age children to look after, at night she works so that she can contribute to the bills her family struggles to pay each month. With very little financial support and even less childcare support from the fathers, Ms. Ford is forced to do both herself. Ms. Ford's children are everything to her, and she is everything to them. Some of them see their fathers every other weekend, but none of the fathers are in a position, financially, emotionally, or logistically, to take custody of the children.

    Understanding her difficult predicament, Ms. Ford has taken the initiative to improve her future. She has been accepted to nursing school at Prince George's Community College and is scheduled to begin taking classes in January. This will provide her with a skill set that should

allow her to catch up with her financial obligations and provide for her family. She is determined to pay back her restitution in full and ensure that her children are well-cared for.

With respect to the instant offense, Ms. Ford is sincerely apologetic. She feels that her life began to spin out of control. During the instant offense, she was suffering from domestic violence, she had four toddlers, and she was unable to pay her bills. She did not spend the money on extravagant vacations or luxurious material items, she needed to buy groceries, pay for daycare, and manage the bills that piled up due to her expanding family. She was receiving no financial support from her ex-husband, and through all this she had to take time off due to a miscarriage. Though none of this excuses her behavior, perhaps it puts into context the actions she took.

### III. Appropriate Sentence

In this case, a sentence of probation with a condition that 6 months be served on home detention is appropriate. First, because Ms. Ford's advisory guideline range is in Zone B, this is a sentence that comports with the advisory guidelines. Second, Ms. Ford has made this process extremely easy for all parties involved by accepting responsibility early, waiving her right to an indictment, declining to file any motions, and fully cooperating with the government and the probation office. Third, this is Ms. Ford's first offense, she has no criminal history. Fourth, the primary means by which Ms. Ford can attempt to remedy this situation is to pay back the money that she took. The only way for her to do this is to allow her to be out of jail, working, making monthly payments. It will be more useful to the victims to begin receiving restitution, and it will be less burdensome on the public not to have to pay to incarcerate someone who would otherwise be able to contribute positively to society. Finally, and most importantly, Ms. Ford has five small

children, one of whom is still an infant. She is their primary caretaker and they would have nowhere to go if she were to be incarcerated. A sentence of prison for her would potentially destroy the lives of these five innocent children.

## CONCLUSION

For the reasons set forth above, as well as for any others the Court may deem fair and reasonable, Ms. Ford asks the Court to sentence her to probation, with a condition requiring 6 months of home detention. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500 ext.126